**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **JUSTAN BILOUS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| V. : | |
| : NO. 1:24-cv-00025-LAG-TQL |
| **SHERIFF KEVIN SPROUL,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |
| _____ : | |

# ORDER

Plaintiff Justan Bilous, a detainee in the Dougherty County Jail in Albany, Georgia, filed a complaint seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Thereafter, Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee of $2.91. Order, ECF No. 4. Plaintiff has now paid the initial partial filing fee, and thus, his complaint is ripe for preliminary review.

On that review, Plaintiff will be permitted to proceed on his deliberate indifference to a serious medical need claim against Sheriff Kevin Sproul. It is **RECOMMENDED** that his remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.[1]

---

[1] Plaintiff has also moved for service of process. Mot., ECF No. 5. Because he is proceeding *in forma pauperis*, Plaintiff is entitled to have service made on his behalf. Therefore, this motion is **DENIED AS UNNECESSARY**. Service will be made on

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

Sheriff Sproul as set out below in the body of this order and recommendation.

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

In the complaint, Plaintiff asserts that he has been seeking medical help for a condition with his ear for nearly a year, but he has been unable to get appropriate treatment. Compl. 5, ECF No. 1. Plaintiff was seen "several times" in medical for his issue, but he does not say what happened during these visits. *See id.* Regardless, Plaintiff's condition apparently did not improve, as he asserts that he wrote grievances and submitted other

3

complaints to the point where medical staff had called him into medical to tell him to stop writing grievances. *Id.* at 5-6.

Eventually, Plaintiff was sent to an outside appointment with an ear specialist. *Id.* at 5. This doctor told Plaintiff that he had permanently lost some of his hearing due to the jail staff waiting so long to take him for treatment. *Id.* Additionally, the doctor told Plaintiff that he needs surgery. *Id.* at 6. Plaintiff asserts that Sheriff Kevin Sproul denied Plaintiff's surgery, which is causing additional problems. *Id.*

Plaintiff filed this complaint naming both Sproul and Phoebe Putney Hospital on the basis of supervisory liability for hiring incompetent or unqualified staff. *Id.* at 5. Plaintiff also includes "PA Mr. Willie," and John and Jane Doe staff members of Phoebe Putney Hospital and the Dougherty County Jail as defendants in this action. *Id.* at 4.

### III. Plaintiff's Claims

Plaintiff's allegations suggest potential claims for deliberate indifference to a serious medical need. In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk

of serious harm" if left unattended.  *Farrow*, 40 F.3d at 1243.

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Additionally, the disregard of risk must be "by conduct that is more than mere negligence." [2]  *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all."  *Id.*  A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference."  *Id.* Finally, "[a]n Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment."  *Id.*

Here, Plaintiff asserts that he has had an ongoing issue with his ear for over a year. Plaintiff has been seen by a doctor who has told Plaintiff that the delay in getting treatment has caused Plaintiff to have permanent hearing loss and to need surgery.  These allegations sufficiently allege that Plaintiff has a serious medical need.  Thus, the question is whether Plaintiff has asserted facts showing that the named defendants have been deliberately indifferent to that need.

### A. Sheriff Kevin Sproul

Plaintiff asserts that Sheriff Kevin Sproul is liable on Plaintiff's claims on the basis

---

[2]Other cases have held that the conduct must be by more than gross negligence.  *See, e.g., Townsend v. Jefferson Cty.*, 601 F.3d 1152 (11th Cir. 2010).

of supervisory liability. A prisoner cannot state a § 1983 claim based on a theory of respondeat superior or vicarious liability. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004). Instead, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging facts showing that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Although he cannot proceed against Sproul based on supervisory liability, Plaintiff has alleged facts suggesting that Sproul personally participated in the alleged violation. In particular, Plaintiff contends that Sproul is responsible for the care and treatment of the individuals being held in the jail. Plaintiff further asserts that Sproul has denied Plaintiff surgery. These allegations suggest that Sproul is aware of Plaintiff's condition and may have been deliberately indifferent to Plaintiff's medical needs. Thus, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to a serious medical need claim against Sheriff Kevin Sproul.

B. PA Willie

Plaintiff asserts that one of the people that he has seen about his ear was a physician's assistant he identifies as PA Mr. Willie. Plaintiff provides no information about how many times he saw PA Willie, what was discussed, what PA Willie did, or what part PA Willie has played in his treatment overall. As a result, Plaintiff's allegations do not show that PA Willie was actually aware that Plaintiff's condition constituted a serious medical need or that PA Willie has been deliberately indifferent to that need. It is therefore **RECOMMENDED** that Plaintiff's claims as to PA Willie be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

C. Phoebe Putney Hospital

Plaintiff also names Phoebe Putney Hospital on the basis of supervisory liability. It is not clear from Plaintiff's allegations that the hospital is a state actor for the purpose of a § 1983 claim. Regardless, even if the hospital may be considered as a state actor based on a contractual relationship with the jail, Plaintiff does not allege facts stating a claim against the hospital.

In this regard, to state a claim against a prison's medical services contractor, a prisoner must allege that the contractor had a custom or policy that caused the constitutional violation at issue. *Massey v. Montgomery Cty. Detention Facility*, 646 F. App'x 777, 780 (11th Cir. 2016) (per curiam) (citing *Monell v Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Here, Plaintiff asserts that the hospital has hired incompetent or unqualified staff who have evaded his requests for help. Plaintiff does not, however,

7

allege any specific facts that demonstrate that the hospital has any custom or policy that has caused the alleged violation in this case. Thus, it is **RECOMMENDED** that Plaintiff's deliberate indifference claim be **DISMISSED WITHOUT PREJUDICE** as to Phoebe Putney Hospital.

### D. Staff Members

Finally, Plaintiff includes unnamed staff members of the hospital and the jail. Plaintiff asserts that he does not know who is directly responsible but that he will identify them in discovery. Fictitious party pleading, *i.e.*, bringing claims against John Doe defendants, is generally only permitted in federal court when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his or her actual name is unknown. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Here, Plaintiff provides no description of any particular John or Jane Doe defendant.

Moreover, § 1983 requires "an affirmative causal connection between the actions taken by a particular person under color of state law and [a] constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Plaintiff does not allege any facts regarding any particular staff member to show that such staff member was deliberately indifferent to his condition or disregarded a risk of harm to Plaintiff. Accordingly, it is also **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to the John and Jane Doe staff members.

IV.     Conclusion

For the reasons set forth above, Plaintiff will be permitted to proceed on his deliberate indifference to a serious medical need claim against Sheriff Kevin Sproul. It is **RECOMMENDED** that his remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANT SHERIFF KEVIN SPROUL**, and that he file an answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

**DUTY TO ADVISE OF ADDRESS CHANGE**

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and

where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 18th day of April, 2024.

s/ *Thomas Q. Langstaff*
United States Magistrate Judge